IN THE CIRCUIT COURT OF LINN COUNTY, MISSOURI

| | | |
|---|---|---|
| JOSHUA FAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| NEW CINGULAR WIRELESS, PCS, LLC, | ) | |
| Serve: CT Corporation System | ) | |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105, | ) | 10LI-CC00012 |
| | ) | |
| Defendant. | ) | |

**FILED MAR 29 2010 CONSOLIDATED COURT OF LINN COUNTY MO**

## CLASS ACTION PETITION

Plaintiff brings this class action, individually and on behalf of all other similarly situated customers of Defendant, against Defendant:

### I. NATURE OF ACTION

1. Plaintiff and members of the class of similarly situated persons he seeks to represent were customers of the Defendant who entered into cellular phone service contracts and agreements with Defendant.

2. Defendant represented and warranted explicitly and implicitly to the named Plaintiff and is believed to have done so to others as a matter of course and practice that:

    i. There was no activation fee charged by Defendant to Plaintiff.

### II. PARTIES, JURISDICTION AND VENUE

3. Plaintiff and class representative is a resident of Linn County, Missouri and was at the time relevant to the facts giving rise to this lawsuit.

4. Defendant is and was at all relevant times a wireless cellular phone provider organized and existing under the laws of the State of Delaware and licensed to do business in the State of Missouri. Defendant's registered agent in

        Missouri is CT Corporation System and may be served at 120 South Central Avenue, Clayton, Missouri. At all relevant times Defendant has conducted its usual and customary business in Brookfield, Linn County, Missouri by maintaining a place of business in Linn County. Defendant maintains multiple offices and/or agents for the transaction of its usual and customary business throughout the State of Missouri.

5. Jurisdiction is proper under Section 506.600 because, at all relevant times herein, Defendant transacted its usual and customary business in the State of Missouri, County of Linn and made contracts in the State of Missouri.

6. Venue is proper in the Court under Section 508.040 because the cause of action arose in Linn County, Missouri. Alternatively, venue is proper in this Court under Section 407.025(1) in that the transaction complained of herein took place for at least one or more of the Plaintiff and the class of similarly situated persons he seeks to represent are residents and/or executed such contract in the State of Missouri.

### III. GENERAL ALLEGATIONS

A. Defendant Breached Its Duty to Plaintiff and Others Similarly Situated By Virtue Of Its Misrepresentations and Overcharging

7. Plaintiff and all similarly situated persons purchased cellular phone service provided by Defendant.

8. That Defendant represented to Plaintiff, and it is believed to other similarly situated persons, in the itemization of amounts charged for Defendant's service that customers would not be charged an activation fee.

9. That the representation in the amount of $0 for said activation fee was false inasmuch as the actual costs for said fee was Thirty Six Dollars ($36.00) and that the amount represented to be paid by Plaintiff was not the true amount paid to Defendant, but rather included an undisclosed fee which, due to the nature of the relationship between Plaintiff and Defendant and/or based upon the falsity of the representation, was an undisclosed and unlawful profit as to Plaintiff and as to other members

of the class regarding their transactions.

10. That therefore Plaintiff's class and any subclasses should be comprised of all individuals who purchased cellular service from Defendant from May 5, 1999 until present who were charged an amount greater than the cost represented by Defendant.

## IV. CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on behalf of himself and all other members of a proposed plaintiff class (the "Class") comprised initially of one classes defined as:

    i. All customers of Defendant who purchased cellular phone service through Defendant who were charged an activation fee after which Defendant represented there would be no such fee assessed to its customer;

12. That this action has been brought and may properly be maintained as a class action pursuant to Rule 52.08(a)(1)-(4), and 52.08(b)(1), (2), or (3), of the Missouri Rules of Civil Procedure and case law thereunder.

13. Excluded from this Class are:

    i. Affiliates, directors, officers, employees or the immediate families of employees of any entity which Defendant has a controlling interest, their heirs, successors and/or assigns;

    ii. Any judge to whom this case is assigned or who shall consider the same in an official capacity and any member of any such judge's immediate family;

    iii. All claims for personal injury or wrongful death; and

    iv. All persons who properly execute and file a timely request for exclusion from the Class.

14. Numerosity (Rule 52.08(a)(1) and V.A.M.S. Section 407.025.3(1)): The Class is so numerous that joinder of all members of the Class in a single action is impractical. Although the precise number of class members cannot be properly determined without discovery, Plaintiff estimates

that the Class includes in excess of one thousand persons who purchased cellular phone service with Defendant and from and/or through whom an activation fee was assessed or charged.

15. Questions of Fact and Law Common to the Class (Rule 52.08(a)(2) and V.A.M.S. Section 407.025.3(2)). There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, which include:

   i. The duty of Defendant to accurately represent those amounts its customers are charged for cellular phone service;

   ii. Where Plaintiff and other class members suffered damages as a result of the activities of Defendant in:

      (a) representing the cost of its cellular phone service.

16. Typicality (Rule 52.08(a)(3) and V.A.M.S. Section 407.025.3(3)): Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff like all class members:

   i. Purchased cellular service from Defendant at a represented price which was different than the true price as to this subclass, and,

As a result of these actions, Plaintiff has suffered damages typical of the other class members. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defense(s) unique to Plaintiff.

17. Adequacy of Representation (Rule 52.08(a)(4) and V.A.M.S. Section 407.025.3(3)): Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of any class member whom he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation. As such, the interests of all class members will be adequately protected by Plaintiff and his counsel.

18. Class Action Maintainable (Rule 52.08(b)(1), (2) and/or (3)

and V.A.M.S. 407.025.3(5), (6) and/or (7):

i. The prosecution of separate actions by individual class members will create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant;

ii. The prosecution of separate actions by individual class members will create a risk of adjudications with respect to the class that might, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair other class members' ability to protect their interests;

iii. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the class members as a whole; or,

iv. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the members of the Class are so numerous that joinder of all members is, at a minimum, impractical and probably impossible. Additionally, the damages suffered by Plaintiff and individual class members are relatively small compared to the expense and burden of prosecuting this complex case against a well-financed institution such as Defendant. Consequently, this class action is the only way that every class member can redress the harm and damages caused by Defendant's conduct. Should this Court require individual class members to bring separate actions, this Court would face a multiplicity of lawsuits that would unduly burden both the court system and the litigants. By contrast, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court. A class action will cause orderly and expeditious administration of all claims of the Class. Economies of time, effort and expense will be fostered and uniformity of decisions will be insured.

## V. TOLLING OR NON-ACCRUAL OF APPLICABLE STATUE OF LIMITATIONS

19. Plaintiff on behalf of himself and the Class, incorporate by reference all of the foregoing allegations in this petition as though fully set forth herein.

20. Any applicable statute of limitations has been tolled or has not run because Defendant knowingly and actively concealed, suppressed and omitted the facts as alleged herein. Defendant had and has actual and/or constructive knowledge of the wrongful courses of action alleged herein. Plaintiff and members of the Class have been kept in ignorance of information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Defendant fraudulently and deceitfully concealed and misrepresented the material facts alleged herein. As such, Plaintiff and members of the Class had no knowledge of the facts concerning Defendant's misconduct to place them on inquiry notice.

21. Defendant was under a continuing duty to disclose to Plaintiff and members of this Class that its representations concerning the amounts allegedly charged for cellular service by Defendant were false, misleading and inaccurate. As a direct and proximate consequence of Defendant's concealment, suppression and/or omission of such material facts, Defendant is estopped from relying on any statue of limitations defense.

22. That R.S.Mo. Section 516.120 provides that the Statue of Limitations shall begin to run five (5) years after the cause of action accrued. That said statute further contains a repose provision wherein no cause of action may be maintained unless brought within ten (10) years of the action complained.

## VI. CAUSES OF ACTION
## COUNT I

### Fraudulent Misrepresentation and Concealment

COMES NOW Plaintiff, by and through counsel, and for Count I of his petition against Defendant herein states and alleges as follows:

23. Plaintiff on behalf of himself and the Class, incorporate by reference all of the foregoing allegations in this petition as though fully set forth herein.

24. That Defendant represented to Plaintiff and others similarly situated that the costs described in its contracts with its customers contained references to charges for its cellular phone service were the true costs for the same.

25. Those representations and other similar representations regarding the costs of said services were false.

26. Those representations and other similar representations that such was the cost of the service were material to the decision to enter into the transaction in that, had there been a proper disclosure of profit, Plaintiff may well have obtained such service elsewhere.

27. That Defendant knew of the falsity of the representation.

28. That Defendant intended that the representation should be acted on by the hearer(s) and that the representation be acted on in a manner reasonably contemplated, i.e. to purchase the service for the price represented to be such service's cost.

29. That the Plaintiff and others similarly situated were ignorant of the falsity of the representation.

30. That Plaintiff and others similarly situated relied on the truth of the representation.

31. That Plaintiff and others similarly situated had a right to rely on the truth and accuracy of the representation.

32. That the Plaintiff and others similarly situated were consequently and proximately injured by such reliance.

## COUNT II
## Negligence

COMES NOW Plaintiff by and through counsel, and for Count II of his petition against Defendant herein states and alleges as follows:

33. Plaintiff on behalf of himself and the Class, incorporate by

Case 4:10-cv-00883-JCH Document 3 Filed 05/14/10 Page 8 of 9

reference all of the foregoing allegations in this petition as though fully set forth herein.

34. As a direct and proximate result of the negligence of Defendant, Plaintiff has been damaged in the sum of the amounts paid for the activation fee.

35. That alternatively Defendant's acts were negligent as to the collection of amounts in excess of the amount represented by the provider to other customers.

36. That alternatively Defendant was negligent in not disclosing the true cost of said activation fee in conjunction with customer purchases.

## COUNT III
## REQUEST FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the Class, request judgment and relief on all causes of action as follows:

a) An order certifying that this action is properly brought and may be maintained as a class action on behalf of all customers in the who purchased a cellular phone service contract in the State of Missouri from Defendant and were charged an activation fee contrary to the representations of Defendant;

b) An order declaring and confirming that Defendant's conduct is unlawful under the causes of action alleged herein;

c) An order requiring Defendant to cease and desist all unlawful practices described herein;

d) Compensatory damages in an amount to be proven at trial, including all damages provided for by statute and all consequential and incidental damages including, without limitation, damages for those activation fees collected after the same were not disclosed to Defendant's customers;

e) Punitive and exemplary damages (if and when appropriate) in accordance with Missouri law in an amount of not less than $250,000.00;

f) An accounting for and an imposition of a constructive trust upon all monies received by Defendant as a result of the unlawful conduct described herein;

g) An award of reasonable attorney fees;

h) Restitution, disgorgement and/or rescission;

i) An award of pre- and post-judgment interest;

j) For their costs herein expended; and

k) Such other, further and additional relief as the Court may deem just and proper herein.

Seth Shumaker, #36654
716 S. Baltimore
Kirksville, MO 63501
660/665-7700
660/665-7878 (fax)
Attorney for Plaintiff