UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA FAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:10CV883 HEA |
| ) | |
| NEW CINGULAR , WIRELESS, PCS, LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Arbitration and Dismiss Action, [Doc. No. 5]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff brought this putative class action in the Circuit Court for Linn County, Missouri alleging that Defendant wrongfully charged him and the putative class members an activation fee for his wireless telephone service. Count I of Plaintiff's Petition alleges fraudulent misrepresentation and concealment; Count II alleges Defendant was negligent in the collection and nondisclosure of the fee. Defendant removed the case based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. 1332.

Plaintiff entered into contracts with AT&T Mobility LLC, the indirect

parent of Defendant for wireless telephone service. The contracts were pre-printed, standard form contracts. Contained within the wireless service agreement was Plaintiff's acceptance of ATTM's Terms of Service, which contains an arbitration provision which provides:

> **You agree that, by entering into this Agreement, you and AT&T are each waving the right to a trial by jury or to participate in a class action.** (Emphasis in original).

The Terms of Service further provides:

> **YOU AND AT&T AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.** (Emphasis and capitalization in original.)

Defendant moves to compel arbitration and dismiss this action based on Plaintiff's acceptance of the agreement to arbitrate his claims. Plaintiff argues that the arbitration provision is unconscionable and unenforceable because it requires individual arbitration and prohibits class action litigation regarding the Agreement.

## **Discussion**

Under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, "an agreement in writing to submit to arbitration an existing controversy arising out of ... a contract

- 2 -

... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "'A dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement.'" *Berkley v. Dillard's Inc.,* 450 F.3d 775, 777 (8th Cir.2006) (citation omitted). Although the FAA is drafted to favor the enforcement of arbitration provisions, generally applicable state law contract defenses such as unconscionability may be used to invalidate all or part of an arbitration agreement without contravening the FAA. *Brewer v. Missouri Title Loans, Inc.* 2010 WL 3430411, 1 (Mo. 2010); *Cicle v. Chase Bank USA,* 583 F.3d 549, 554 (8th Cir.2009).

The Missouri Supreme Court recently addressed unconscionability of class action waivers in arbitration agreements. In *Brewer*, 2010 WL 3430411, the Missouri Supreme Court concluded that it is not necessary for plaintiffs to establish both procedural and substantive unconscionability, rather, the determination can be based on procedural or substantive unconscionability or both.

> An unconscionable arbitration provision in a contract will not be enforced. *See State ex rel. Vincent v. Schneider,* 194 S.W.3d 853, 856-61 (Mo. banc 2006) (invalidating as unconscionable arbitration clauses requiring the consumer to pay for all arbitration fees and allowing an entity related to one of the parties to select the arbitrator);

> *Whitney v. Alltel Communications, Inc.,* 173 S.W.3d 300, 308-314 (Mo.App.2005) (invalidating as unconscionable an arbitration provision barring consumer claims from being raised as class actions). There are procedural and substantive aspects to unconscionability. Procedural unconscionability relates to the formalities of the making of an agreement and encompasses, for instance, fine print clauses, high pressure sales tactics or unequal bargaining positions. *Woods,* 280 S.W.3d at 94 (citing *Whitney,* 173 S.W.3d at 308). Substantive unconscionability refers to undue harshness in the contract terms. *Whitney,* 173 S.W.3d at 308 (quoting *Funding Sys. Leasing Corp. v. King Louie Int'l, Inc.,* 597 S.W.2d 624, 634 (Mo.App.1979)).
>
> A number of decisions from the Missouri court of appeals has held that there must be both procedural and substantive unconscionability before a contract or a clause can be voided. *See Woods,* 280 S.W.3d at 94. These cases characterize the test for unconscionability as a balancing test or "sliding scale" between the substantive and procedural aspects. *Whitney,* 173 S.W.3d at 308. This general rule provides an acceptable analytical framework for most cases because a party who employs procedurally unconscionable bargaining tactics usually does so with the goal of inducing the other party into a one-sided contract. Nonetheless, there are cases in which a contract provision is sufficiently unfair to warrant a finding of unconscionability on substantive grounds alone. For instance, in *Schneider,* this Court did not address procedural unconscionability and, instead, determined that as the arbitration clause at issue was substantively unconscionable, it was void. 199 S.W.3d at 858-59. Although *Schneider* did not hold expressly that it is unnecessary to find both procedural and substantive unconscionability, the analysis in the case supports the conclusion that Missouri law does not require the party claiming unconscionability to prove both procedural and substantive unconscionability. Under Missouri law, unconscionability can be procedural, substantive or a combination of both.

*Brewer,* 2010 WL 3430411, 3 (Mo.,2010); *Ruhl v. Lee's Summit Honda,* 322

S.W.3d136, 139 -140 (Mo. 2010).

The *Brewer* Court recognized, however, that arbitration agreements are not always unconscionable because there is no agreement to class arbitration.

> This is not to say that an arbitration agreement is always unconscionable merely because there is no agreement to class arbitration; *Stolt-Nielsen* [*v. AnimalFeeds International Corp*, ___ U.S. ___, 130 S.Ct. 1758, 1776 (2010)] demonstrates that requiring individual arbitration can be reasonable and enforceable. It is only when the practical effect of forcing a case to individual arbitration is to deny the injured party a remedy-because a reasonable attorney would not take the suit if it could not be brought on a class basis either in court or through class arbitration that-a requirement for individual arbitration is unconscionable. The Court, therefore, turns to the facts of this case to see whether the individual arbitration agreement imposed by [defendant] was unconscionable here.

*Brewer*, WL 3430411, 3 (Mo.,2010)

Thus, this Court looks to the facts of the case to see whether the individual arbitration agreement at issue is unconscionable.

With respect to procedural unconscionability, admittedly, the contract was prepared by ATTM, and Plaintiff was required to sign it in order to secure wireless telephone service. Thus, there was no ability for Plaintiff to negotiate the terms of the agreement. The facts of this case, however, differ from those in *Brewer* in several ways. In *Brewer,* the defendant was at a higher advantage in that it was lending money to financially distressed individuals who more willing to accept the

defendant's terms in order to secure the loans. In the instant matter, Plaintiff is seeking wireless telephone service, a service which is not a necessity of life, nor is he in a distressed financial situation where he would be willing to agree to waive his ability to litigate disputes through a class action. As Defendant correctly argues, Plaintiff was free to refuse to enter into the contract if he did not want to arbitrate disputes and seek wireless service from another provider. Moreover, the terms of the arbitration provisions are set out, not in fine print buried within the Agreement, but in bold print, some capitalization and are conspicuous in the Terms of Service Agreement. Plaintiff accepted the Terms of Service Agreement twice on May 6, 2009 for two phone lines and a third time when he purchased an iphone on August 13, 2009. Considering the facts of this case, the Court concludes that the Agreement is not procedurally unconscionable as it relates to the formalities of the making of an agreement. Factors giving rise to procedural unconscionability are not present with respect to the Agreement to arbitrate.

As stated by the Missouri Supreme Court, substantive unconscionability refers to undue harshness in the contract terms. The arbitration provision at issue is clearly not unduly harsh nor one-sided. Plaintiff retains his substantive remedies that would be available to him in court, including punitive damages and attorneys' fees. Notwithstanding Plaintiff's submission of the affidavit of Daniel

H. Miller, wherein Mr. Miller avers that he "would not undertake the representation of any individual plaintiff to recover such nominal damage amounts[,]" and that he knows of no attorney who would assume such representation, the arbitration provision allows for the award of the same remedies to individual consumers, including a statutory award of attorneys' fees that a court could award. Furthermore, the Agreement provides that if the arbitrator awards the customer more than ATTM's last settlement offer, ATTM will pay the customer's attorney twice the amount of attorneys' fees, and reimburse any expenses that the attorney reasonably accrues for investigating, preparing and pursuing the claim. The claim that no attorney would undertake Plaintiff's claim is clearly negated by the ability of the customer to receive attorneys' fees.

     The arbitration agreement does not require the customer to forego the traditional remedies to which he/she would be entitled. Additionally, for claims of $75,000 or less, ATTM will pay the filing, administration and arbitrator fees, unless the arbitrator determines the claim is frivolous or brought for an improper purpose. In the event the arbitrator awards a customer an amount that is greater than ATTM's last written settlement offer made before an arbitrator was selected, ATTM must pay the customer $10,000 in place of the smaller arbitral award. ATTM disclaims any right to an award of attorneys' fees and expenses if it

prevails in arbitration. The parties may bring a claim in small claims court. The provision also provides that the customer need not keep the arbitration confidential and provides for in person, telephonic or "desk" arbitration, *i.e.*, a decision on the documentation only. The arbitrator is also required to provide a written decision explaining the essential findings and conclusions upon which the award is based.

Taken together, the procedures for arbitration are not unduly harsh. Most significantly, the customer is afforded all remedies that would be available in a judicial proceeding and the customer can be entitled to attorneys' fees. The arbitration provision provides Plaintiff the opportunity to resolve his claims in a customer friendly arbitration. The Court finds, therefore that the arbitration agreement is not substantively unconscionable.

## Conclusion

The arbitration agreement at issue in this matter is neither procedurally nor substantively unconscionable. It is therefore enforceable.[1] Plaintiff is therefore bound by the agreement to arbitrate and Defendant's motion will be granted.

---

[1] In that the Court has found the arbitration provisions of the Terms of Agreement to be neither procedurally nor substantively unconscionable, the Court need not address the issue of preemption, as tempting as it may be simply for the sake of discussion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss Action, [Doc. No. 6], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 24th day of November, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE